**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Alberto Ramon DIAZ–GUTIERREZ,**
**Defendant–Appellant.**

**No. 03–2817.**

United States Court of Appeals,
Seventh Circuit.

Jan. 19, 2006.

James P. Fleissner, Office of the United States Attorney, Chicago, IL, for Plaintiff–Appellee.

Keri A. Ambrosio, Chicago, IL, for Defendant–Appellant.

Before Hon. WILLIAM J. BAUER, Hon. ILANA DIAMOND ROVNER, and Hon. TERENCE T. EVANS, Circuit Judges.

ORDER

Alberto Ramon Diaz–Gutierrez pleaded guilty to reentering the United States without permission after he was deported following conviction for an aggravated felony. *See* 8 U.S.C. § 1326(a). In sentencing him, Judge Robert W. Gettleman treated the guidelines as mandatory in accordance with the law as it existed before *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Following *Booker,* we ordered a limited remand, pursuant to *United States v. Paladino,* 401 F.3d 471 (7th Cir.2005), so the judge could

inform us whether he would have sentenced Diaz–Gutierrez differently had he known the sentencing guidelines were merely advisory.

In response to our order, Judge Gettleman stated in part:

> The Court is unable at this time to say that it would have imposed the same sentence if it had known the Sentencing Guidelines were merely advisory. The Court therefore desires to re-sentence the defendant.

We invited the parties to file position statements concerning the appropriate disposition of the case. Only Diaz–Gutierrez has responded, and he concurs with the district court that resentencing is appropriate. Accordingly, IT IS ORDERED that Diaz–Gutierrez's sentence is VACATED, and the case is REMANDED to the district court for resentencing.